IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-306T
(Judge Victor J. Wolski)

JOYCE A. RINEER,

Plaintiff

v.

THE UNITED STATES,

Defendant

**MOTION FOR SUSPENSION OF PROCEEDINGS**

Defendant, the United States, moves for an order suspending proceedings in this case until the proceedings in *United States v. Rineer and Washington* (N.D.Tex., 3:07-cv-01454), are completed. The complaint in the district court case, a copy of which is attached hereto, was filed on August 23, 2007.

As grounds for its request, defendant states that the instant case as well as the above-named collection suit filed in the Northern District of Texas arise out of the same facts and circumstances. Joyce A. Rineer (plaintiff in this Court) and Rose Washington have been assessed by the Internal Revenue Service pursuant to Section 6672 of the Internal Revenue Code as responsible persons of Specialty Care Enterprises and Specialty Care, Inc. The basis for these penalty assessments is the Service's determination that these individuals willfully failed to collect and pay over to the United States withheld income and social security taxes of employees

of Specialty Care Enterprises and Specialty Care, Inc. for the tax periods ending September 30, 1997, December 31, 1997, March 31, 1998, June 30, 1998, September 30, 1998, and December 31, 1998.

There is no dispute as to this Court's jurisdiction over the instant refund suit. Nonetheless, rather than filing a counterclaim for the amount of the unpaid penalty assessment against Ms. Rineer in this suit in which only one of the two responsible persons is a party, defendant has elected, as it may, to institute a collection suit against both responsible persons in the United States District Court for the Northern District of Texas. The filing of the collection suit in district court will ensure that only one trial will be required. Since this Court's rules do not allow the United States to bring a third-party action against the other responsible person in this Court and join that suit to Ms. Rineer's suit, *see Klein v. United States,* 31 Fed. Cl. 614, 616 (1994), *aff'd on other grounds*, 60 F.3d 839 (Fed. Cir. 1995), defendant is able to bring an action against both responsible persons only in a United States district court.

In a similar context, this Court has previously provided the relief now requested by defendant. *See*, *e.g.*, *Walker v. United States*, 43 Fed. Cl. 519 (1999); *Klein*, 31 Fed. Cl. at 616; *Caparco v. United States*, 28 Fed. Cl. 736 (1993).[1] In *Walker*, for example, the plaintiff brought suit in the Court of Federal Claims seeking refund of his partial payment of the Section 6672 penalty assessed by the Service, and an abatement of the remaining penalty. Several months after the plaintiff filed suit, the Government file a collection action in the United States District Court

---

[1]More recently, on October 25, 2006, the Court in *Allums v. United States*, Fed. Cl. No. 06-437T (Williams, J.), granted the unopposed motion by the United States to suspend proceedings in that § 6672 case until the proceedings in *United States v. Johnson and Allums* (brought against both persons assessed under § 6672), in the Southern District of Mississippi, are completed.

for the Eastern District of Virginia against the plaintiff and the two other individuals against whom the Service had assessed a Section 6672 penalty. *Walker*, 43 Fed. Cl. at 521. The court granted the Government's motion to suspend the Court of Federal Claims proceeding – despite the fact that the plaintiff had filed his refund suit first – in order to achieve judicial efficiency. *Id*. The court noted that in Section 6672 cases, "this court generally has departed from the 'first-filed rule' and has suspended the first-filed Court of Federal Claims action pending completion of the later-filed district court action involving all of the potential 'responsible persons.'" *Id*.

A counterclaim is not compulsory under RCFC 13(a). *See Flora v. United States*, 362 U.S. 145, 166 (1960); *Allen v. United States*, 225 Ct. Cl. 555 (1980). Moreover, under the doctrine of *res judicata*, the decision reached in the collection suit now pending in district court will be binding on both parties in the instant action. *See Klein*, 31 Fed. Cl. at 616; *Allen*, 225 Ct. Cl. at 555. Accordingly, concurrent litigation of these actions would result in a duplication of attorney and court time and effort and would serve no useful purpose. Adjudication of the Section 6672 assessments in one proceeding where both of the responsible officers appear is preferable to duplicative actions. *See Walker*, 43 Fed. Cl. at 521; *Klein*, 31 Fed. Cl. at 616.

For these reasons, the Court should suspend the proceedings in the instant refund suit.

Respectfully submitted,

s/Jennifer P. Wilson
JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495
FAX (202) 514-9440

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/Mary M. Abate
Of Counsel

August 29, 2007