IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-306T
(Judge Victor J. Wolski)

JOYCE A. RINEER,

Plaintiff

v.

THE UNITED STATES,

Defendant

**REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION FOR SUSPENSION OF PROCEEDINGS BY THE UNITED STATES**

Defendant, the United States, has moved for an order suspending proceedings in this case until the proceedings in *United States v. Rineer and Washington* (N.D.Tex., 3:07-cv-01454) are completed. The instant case and the collection suit filed in the United States District Court for the Northern District of Texas arise out of the same facts and circumstances.

Plaintiff opposes the motion by the United States to suspend proceedings on the ground that she should not be denied her choice of forum in which to litigate her case. Plaintiff acknowledges, however, that "a not uncommon situation arises" where there are parallel proceedings in this Court and a district court regarding penalties assessed by the IRS pursuant to § 6672, and urges the Court to "weigh the particular facts and circumstances in determining which action should proceed." (Pl.'s Response at p. 2.) In fact, in cases involving § 6672 penalties (so-called "responsible person" cases), "this court generally has departed from the

'first-filed rule' and has suspended the first-filed Court of Federal Claims action pending completion of the later-filed district court action involving all of the potential 'responsible persons'" in order to achieve judicial economy. *Walker v. United States*, 43 Fed. Cl. 519, 521 (1999) (collecting cases and explaining rationale).

In this case, the "particular facts and circumstances" weigh heavily in favor of suspending these proceedings while the district court case proceeds. Joyce Rineer filed suit in this Court seeking a refund of the portion of the § 6672 penalty assessment that she has paid, and an abatement of the unpaid portion of the penalty assessment. Rather than filing a counterclaim for the amount of the unpaid penalty assessment against Ms. Rineer in this suit in which only one of the two responsible persons is a party, on August 23, 2007, the United States filed a collection suit against both responsible persons in the United States District Court for the Northern District of Texas. Since this Court's rules do not allow the United States to bring a third-party action against the other responsible person in this Court and join that suit to Ms. Rineer's suit, *see Klein v. United States,* 31 Fed. Cl. 614, 616 (1994), *aff'd on other grounds*, 60 F.3d 839 (Fed. Cir. 1995), the United States is able to bring an action against both responsible persons *only* in a United States district court.[1]

[1]Theoretically, the total penalty could be collected from each individual assessed and found liable. However, as a matter of policy, the Internal Revenue Service collects from one responsible person only to the extent that a portion of the penalty remains unpaid by other responsible persons. *See Caparco v. United States*, 28 Fed. Cl. 736, 738 n.2 (1993) ("[I]t has been the Internal Revenue Service's policy to collect only one hundred percent of the amount due from any group of jointly and severally liable responsible persons [under § 6672]."); *see also Mortenson v. National Union Fire Ins. Co. of Pittsburgh, PA*, 249 F.3d 667, 670 (7th Cir. 2001) ("Although it is true that the Internal Revenue Service caps the [§ 6672] penalty at the amount of the tax due, this is not a statutory limitation; it is simply an enforcement policy."); *McCray v. United States*, 910 F.2d 1289, 1290 (5th Cir. 1990) ("it is the Service policy to collect only 100% of the amount due from any group of jointly liable persons").

Under the doctrine of *res judicata*, the decision reached in the collection suit now pending in district court will be binding on both parties in the instant action. *See Klein*, 31 Fed. Cl. at 616; *Allen v. United States*, 225 Ct. Cl. 555 (1980). The filing of the collection suit in district court thus ensures that only one trial will be required. Concurrent litigation of these actions would result in a duplication of attorney and court time and effort and would serve no useful purpose. Adjudication of the § 6672 penalty assessments in one proceeding where both of the responsible officers appear is preferable to and more efficient than duplicative actions. *See Walker*, 43 Fed. Cl. at 521; *Klein*, 31 Fed. Cl. at 616. Moreover, "the potential for significant judicial economy should be viewed as a paramount interest to plaintiff's choice of forum." *Walker*, 43 Fed. Cl. at 523.

The United States filed the collection suit in district court three months and one week after suit was filed in this Court. The suit in this Court had not proceeded beyond the pleadings stage prior to the commencement of the district court action. Indeed, the United States has not yet filed its Answer in the suit in this Court. Accordingly, the factual and legal issues have not been developed in this case and can be litigated from start to finish in the district court proceeding.

For these reasons and those explained in our initial motion, the Court should suspend the proceedings in the instant refund suit.

Respectfully submitted,

s/Jennifer P. Wilson
JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495
FAX (202) 514-9440

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/Mary M. Abate
Of Counsel

September 14, 2007