IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-306T
(Judge Victor J. Wolski)

JOYCE A. RINEER,

Plaintiff

v.

THE UNITED STATES,

Defendant

**ANSWER**

Defendant, the United States, through its attorneys, hereby answers the complaint filed by Joyce A. Rineer. Defendant respectfully denies each and every allegation contained therein that is not admitted below. Defendant further responds as follows:

1. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation with respect to plaintiff's principal place of residence in the first sentence of paragraph 1, and states that plaintiff's social security number is xxx-xx-3845.

2. Admits the allegation in paragraph 2 with respect to the United States being the defendant in this action, and states that Rule 4 of the United States Court of Federal Claims provides the procedure for serving a complaint upon the United States for an action filed in the Court of Federal Claims.

3. Admits the allegations in paragraph 2, except denies that the trust fund recovery penalty was erroneously or illegally assessed against or collected from plaintiff, and states that

plaintiff made a payment of $759.00 on December 11, 2006.

4. States that the jurisdiction of this Court over plaintiff's suit, to the extent it exists, is conferred by 28 U.S.C. § 1491(a)(1).

5. Admits the allegation in paragraph 5.

6. Denies the allegation in paragraph 6.

7. Admits the allegations in the first sentence of paragraph 1, but states that the payment described in paragraph 3 of the complaint was made by plaintiff on December 11, 2006; admits the remaining allegations in paragraph 7.

8. Admits that the United States has not refunded the $759.00 payment made by plaintiff on December 11, 2006, and denies the remaining allegations in paragraph 8.

**FIRST ADDITIONAL DEFENSE**

9. On April 7, 1999, a delegate of the Secretary of the Treasury made assessment against plaintiff for a total of $492,980.04, such amount representing plaintiff's liability under 26 U.S.C. § 6672 for unpaid employment taxes for the quarters ending September 30, 1997, December 31, 1997, March 30, 1998, June 30, 1998, September 30, 1998, and December 31, 1998, for Specialty Care, Inc.

10. On April 7, 1999, a delegate of the Secretary of the Treasury made assessment against plaintiff for a total of $89,347.71, such amount representing plaintiff's liability under 26 U.S.C. § 6672 for unpaid employment taxes for the quarters ending September 30, 1997, and December 31, 1997, for Specialty Care Enterprises.

11. On December 11, 2006, plaintiff made a payment of $759.00, which was applied by

the IRS, pursuant to Code § 6402, to plaintiff's liability for the penalty assessments relating to the unpaid employment taxes of Specialty Care Enterprises (identified in paragraph 10 herein).

12. On December 20, 2006, the Internal Revenue Service received a Form 843, Claim for Refund and Request for Abatement, from plaintiff requesting a refund of $759.00 for the tax period from January 1, 1997, through December 31, 1997.

13. On the Form 843, plaintiff stated, "The payment that has been made relates to the taxes for one employee for the first quarter of 1997 with respect to Specialty Care, Inc."

14. Plaintiff has not made any payments with respect to the assessments identified in paragraph 9 herein relating to the unpaid employment taxes of Specialty Care, Inc.

15. This Court lacks jurisdiction over the subject matter of this suit – *i.e.*, plaintiff's claim, reflected on the Form 843 attached to and incorporated in the complaint, for a refund of penalties collected (or for abatement of penalties) with respect to the unpaid employment taxes of Specialty Care, Inc.

**ALTERNATIVE DEFENSE**

16. On the Form 843 attached to and incorporated in the complaint, plaintiff stated, "The payment that has been made relates to the taxes for one employee for the first quarter of 1997 with respect to Specialty Care, Inc."

17. The IRS did not make any assessment against plaintiff under 26 U.S.C. § 6672 for the first quarter of 1997.

18. On December 11, 2006, plaintiff made a payment of $759.00, which was applied by the IRS, pursuant to Code § 6402, to plaintiff's liability for the penalty assessments relating to the unpaid employment taxes of Specialty Care Enterprises (identified in paragraph 10 herein).

19. Plaintiff's complaint thus fails to state a claim for which relief can be granted.

WHEREFORE, the complaint should be dismissed, with costs assessed against the plaintiff.

Respectfully submitted,

s/Jennifer P. Wilson
JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495
FAX (202) 514-9440

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/Mary M. Abate
Of Counsel

January 17, 2008